SEYFARTH SHAW LLP
Joshua A. Rodine (SBN 237774)
jrodine@seyfarth.com
Barri L. Friedland (SBN 185148)
bfriedland@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
CONCORDE CAREER COLLEGES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| SONIA NAVARRO,<br><br>             Plaintiff,<br><br>        vs.<br><br>CONCORDE CAREER COLLEGES, INC., and DOES 1-20, inclusive,<br><br>             Defendants. | Case No. _____<br><br>(San Bernardino Superior Court Case No. CIVSB2304379 )<br><br>**DEFENDANT CONCORDE CAREER COLLEGES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[*Filed Concurrently With Declaration Of Amanda Shevette*; *Declaration Of Barri Friedland; Corporate Disclosure Statement*; *Certification Of Interested Parties; and Civil Cover Sheet*]<br><br>Complaint Filed:      February 8, 2023<br>Complaint Served:     May 11, 2023 |

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND .................................................................................................7

II.   TIMELINESS OF REMOVAL ......................................................................8

III.  JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP ...........................8

IV.   VENUE ...............................................................................................17

V.    NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT.......17

VI.   PRAYER FOR REMOVAL .......................................................................17

DEFENDANT CONCORDE CAREER COLLEGES, INC.'S NOTICE OF REMOVAL

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ...............................................................................10

*Ackerman v. Western Elec. Co., Inc.*,
643 F. Supp. 836 (N.D. Cal. 1986) ......................................................................13

*Armstrong v. Church of Scientology Int'l*,
243 F.3d 546 (9th Cir. 2000) .................................................................................8

*Behrazfar v. Unisys Corp.*,
687 F. Supp. 2d 999 (C.D. Cal. 2009) ..................................................................11

*Boon v. Allstate Ins. Co.*,
229 F. Supp. 2d 1016 (C.D. Cal. 2002) ..................................................................8

*Cassino v. Reichhold Chemicals, Inc.*,
817 F.2d 1338 (9th Cir. 1997) ..............................................................................13

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
994 F. Supp. 1196 (N.D. Cal. 1998).....................................................................11

*Crum v. Circus Circuit Enters.*,
231 F.3d 1129 (9th Cir. 2000) ..............................................................................13

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
574 U.S. 81, 135 S. Ct. 547 (2014).......................................................................11

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
325 F.2d 785 (9th Cir. 1963) ................................................................................11

*Fritsch v. Swift Transp.*,
899 F. 3d 785 (9th Cir. 2018) ...............................................................................15

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) ..........................................................................11, 15

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ................................................................................11

*Gibson v. Chrysler Corp.*,
261 F. 3d 927 (9th Cir. 2001) ...............................................................................16

*Glenn-Davis v. City of Oakland*,
No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) .......................................13

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696 (9th Cir. 2007) ................................................................................10

DEFENDANT CONCORDE CAREER COLLEGES, INC.'S NOTICE OF REMOVAL

*Hertz Corp. v. Friend*,
  559 U.S. 77, 130 S.Ct. 1181 (2010)...................................................................................9

*James v. Childtime Childcare, Inc.*,
  No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1,
  2007) ...............................................................................................................................13

*Juarez v. Autozone Stores, Inc.*,
  No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18,
  2014) ...............................................................................................................................16

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ...........................................................................................8

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ..........................................................................11

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ...........................................................................................8

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  119 S. Ct. 1322 (1999)......................................................................................................8

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) .........................................................................................10

*Rippee v. Boston Market Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005)............................................................................11

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) .........................................................................................10

*Secru v. Laboratory Corp. of America*,
  No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9,
  2009) ...............................................................................................................................13

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ...........................................................................................8

*Thompson v. Big Lots Stores, Inc.*,
  No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017).........................14, 16

*Traxler v. Multnomah County*,
  569 F.3d 1007 (9th Cir. 2010) .......................................................................................13

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ...................................................................................10, 11

*Ward v. Cadbury Schweppes Bottling Grp.*,
  09CV03279(DMG), 2011 WL 7447633 (C.D. Cal)......................................................14

*Washington v. Havensa LLC*,
  652 F.3d 340 (3d Cir. 2011) ............................................................................................8

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

**State Cases**

*Davis v. Robert Bosch Tool Corp.*,
No. B185408, 2007 WL 2014301 (Cal. Ct. App. 2d Dist. July 13, 2007) ................ 15

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
132 Cal. App. 4th 359 (2005) ............................................................................... 15

*Parker v. Twentieth Century-Fox Film Corp.*,
3 Cal. 3d 176 (1970) ............................................................................................. 12

*Roby v. McKesson Corp.*,
47 Cal. 4th 686 (2009) .......................................................................................... 16

**Federal Statutes**

28 U.S.C. § 84(c)(2) ................................................................................................ 17

28 U.S.C. § 1332 ....................................................................................................... 7

28 U.S.C. § 1332(a) ........................................................................................... 11, 16

28 U.S.C. § 1332(a)(1) ...................................................................................... 8, 10, 16

28 U.S.C. § 1332(c)(1) .............................................................................................. 9

28 U.S.C. § 1441 ..................................................................................................... 17

28 U.S.C. § 1441(a) ..................................................................................... 7, 8, 10, 17

28 U.S.C. § 1441(b) ............................................................................................. 7, 10

28 U.S.C. § 1446(a) ................................................................................................. 17

28 U.S.C. § 1446(b) ................................................................................................... 8

28 U.S.C. § 1446(d) ................................................................................................. 17

**State Statutes**

California Fair Employment and Housing Act ................................................... 12, 15, 16

California Government Code § 12965(b) ..................................................................... 15

**Other Authorities**

*Aboulafia v. GACN Inc.*,
No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) ..................................... 14

*Crawford v. DIRECTV, Inc.*,
No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) ......................... 15

*Denenberg v. Cal. Dep't of Transp.*,
No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) ......................... 15

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

*Leimandt v. Mega RV Corp.*,
No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) ....................14

*Silverman v. Stuart F. Cooper Inc.*,
No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) .....................................14

*Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*,
No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) .....................................14

*Welch v. Ivy Hill Corp.*,
No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) .....................................14

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

To the United States District Court for the Central District of California and Plaintiff Sonia Navarro and her attorneys of record:

Please take note that Defendant Concorde Career Colleges, Inc. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I.    BACKGROUND

1.    On February 8, 2023, Plaintiff Sonia Navarro filed her initial complaint against Defendant Concorde Career Colleges, Inc. in the Superior Court of the State of California, County of San Bernardino, titled, *Sonia Navarro v. Concorde Career Colleges, Inc., and Does 1-20,* designated as Case No.: CIVSB2304379.

2.    Plaintiff's Complaint alleges two causes of action against Defendant for: (1) Wrongful Termination Because Of Sex/Gender Discrimination; and (2) Wrongful Termination Because Of Race/National Origin Discrimination.

3.    On May 11, 2023, Defendant received, via personal service through its process server, the following: Summons; unverified Complaint; Notice of Case Assignment; and Civil Case Cover Sheet. A true and correct copy of the service packet received by Defendant is attached as **Exhibit A** to the Declaration of Barri Friedland ("Friedland Dec.").

4.    On June 8, 2023, Defendant filed an Answer to the Complaint in San Bernardino County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Declaration of Barri Friedland.

5.    **Exhibits A** and **B** constitute all of the pleadings served on, or filed by, Defendant in the state court action prior to Defendant's filing this Notice of Removal. (Friedland Dec. ¶¶ 2-5.)

DEFENDANT CONCORDE CAREER COLLEGES, INC.'S NOTICE OF REMOVAL

## II.    TIMELINESS OF REMOVAL

6.    This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Friedland Dec. ¶¶ 3-5, Exhibits A and B.)

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

7.    The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.    **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile"). Furthermore, evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

9.    At the time Plaintiff filed this civil action, Plaintiff alleged that she was a resident of the State of California throughout the events that are alleged to have occurred in the Complaint. (Compl. ¶ 1.) Plaintiff alleges she was hired by Defendant, within the State of California, on or about February 15, 2016. (Compl. ¶ 5.) Plaintiff's personnel records indicate that she was employed in the county of San Bernardino, California for

the duration of her employment with Defendant. (Declaration of Amanda Shevette ["Shevette Dec."] ¶ 6.)  Plaintiff's home address during the entire time period when she worked for Defendant was always within the state of California (*Id*.) There are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the period of her employment was, a resident or citizen of any state other than California. (*Id*.)

10.     **Defendant's Citizenship.** A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

11.     Concorde Career Colleges, Inc. is, and was at the time the civil action was instituted, a corporation organized under the laws of Delaware. (Shevette Dec. ¶ 3.)

12.     Furthermore, Defendant's headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mission, Kansas. (Shevette Dec. ¶ 4.) The majority of Defendant's executive and administrative functions take place at its headquarters in Kansas. (*Id*.) The functions performed at Defendant's Kansas headquarters include activities of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id*.) Defendant's company-wide policies and procedures are formulated at the Kansas headquarters. (*Id*.) Defendant's activities and operations are directed and ultimately controlled from the Kansas headquarters. (*Id.*) Thus, Defendant is a citizen of Delaware and Kansas, not California, and the requisite diversity of citizenship exists as to Defendant. *See* 28 U.S.C.

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

§ 1332(c)(1).

13. **Doe Defendants May Be Disregarded.** Furthermore, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. Thus, the inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id*.

14. **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "*more likely than not*" that the amount in controversy exceeds the requisite threshold) (emphasis added).

15. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Furthermore, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

16. As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

17. In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorney's fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

18. The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming,

11

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

without any admission, the truth of any of the allegations, and assuming liability (which Defendant vehemently disputes) based on Plaintiff's theory of recovery.

19.    Plaintiff alleges she was hired by Defendant on February 15, 2016, and terminated on February 15, 2021. (Compl. ¶¶ 5, 20.) This is consistent with Defendant's records. (Shevette Dec. ¶ 6.) Plaintiff was employed by Defendant full time, working an average of forty hours per week (or eighty hours per bi-weekly pay period), and earning $ 53.04 per hour at the time of her termination.  ( Shevette Dec. ¶ 7.)  Therefore, Plaintiff's hourly rate translates to an annual salary of approximately $110,300 per year. Conservatively estimating a February 2024 trial date (twelve months after the Complaint was filed), Plaintiff's past lost wages alone would amount to approximately three years' salary, or approximately $331,000.

20.    **Compensatory Damages.** In her Complaint, Plaintiff seeks to recover compensatory damages including "back pay and future loss of earnings" for all causes of action in the Complaint. (Compl. Prayer for Relief, A.) Plaintiff vaguely alleges that she "has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and [sic] all claims for lost wages, benefits, salary increases and income, both past and future." (Compl. ¶¶ 29, 38, Prayer for Relief No. A.) Plaintiff's Complaint alleges discrimination claims under the California Fair Employment and Housing Act ("FEHA"). Under the FEHA, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

21.    As noted, Plaintiff last worked for Defendant as Director of Admissions, earning $53.04 per hour, and averaged approximately eighty hours per bi-weekly pay period in 2021, which is the last year in which she performed work for Defendant. (Shevette Dec. ¶ 7.) Conservatively estimating a February 2024 trial date (twelve months

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

after the Complaint was filed), Plaintiff's lost past wages would amount to approximately $ 331,000 for the three years between when Plaintiff was terminated and trial.[1]

22.     In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

23.     An award of three years of front pay would entitle Plaintiff to approximately $ 331,000 in additional recovery. *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's alleged lost wages total $ 662,000, definitively establishing the amount in controversy requirement.

24.     **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 29, 38, and Prayer for Relief, No. B.) In particular, Plaintiff claims that as a result of Defendant's conduct Plaintiff experienced and will foreseeably continue to experience "fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish." (*Id.*) Plaintiff alleges

---

[1] $53.04 per hour x 2080 hours per year x 3 years = $330,970.

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

that it is foreseeable that she will experience said physical and emotional suffering for a period in the future "all to her damage and detriment, in a sum according to proof at trial." (Compl. ¶¶ 29, 38.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination, exactly the causes of action alleged here. *Id.*

25.    In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See*, *e.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); W*ard v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the alleged value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

26.     **Attorney's Fees.** Plaintiff also claims statutory entitlement to attorney's fees. (Compl. ¶¶ 30, 39, and Prayer for Relief, E.) Attorney's fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorney's fees for purposes of amount in controversy calculations is the expected reasonable attorney's fees through trial. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff's Complaint consists of two FEHA claims against Defendant, based on sex/gender and race/national origin. (Compl. First and Second Causes of Action.)

27.     Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Friedland Dec. ¶ 6.) Here, if Plaintiff prevails, she could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination. *See*, *e.g.*, *Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorney's fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including discrimination case).

28.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶¶ 30, 39, and Prayer for Relief, C.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson, supra*, 2017 WL 590261 at *4.

29.    Courts have affirmed jury verdicts exceeding $1,000,000 in punitive damages in alleged discrimination cases. *See, e.g., Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in retaliation case).[2]

30.    In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, easily satisfies the $75,000 jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

31.    Because diversity of citizenship exists between Plaintiff and all named Defendants, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

[2] Retaliation is considered a form of discrimination. *E.g, "Retaliation – Making it Personal,"* The Federal Manager, Summer 2015.

NOTICE OF REMOVAL BY DEFENDANT LOWE'S HOME CENTERS, LLC

## IV.   VENUE

32.   Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(1), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of San Bernardino. In addition, the action arose in San Bernardino County. (Compl. ¶ 2.) Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

33.   Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

34.   This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

35.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A and B**. (Friedland Dec. ¶¶ 3-6.)

## VI.   PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California.

DATED: June 9, 2023                                        SEYFARTH SHAW LLP

*/s/ Barri Friedland*
Barri Friedland
Attorneys for Defendant
CONCORDE CAREER COLLEGES, INC.

17

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA        )
                                 ) SS

COUNTY OF LOS ANGELES   )

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On June 9, 2023, I served the within document(s):

**DEFENDANT CONCORDE CAREER COLLEGES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by delivering the document(s) listed above to Nationwide Legal, Inc., for delivery to the person(s) at the address(es) set forth below with instructions that such envelope be delivered personally on June 9, 2023.

☐ by placing the document(s) listed above, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Fletcher B. Brown                   Attorneys for Plaintiff
Fletcher B. Brown Law Firm      SONIA NAVARRO
440 Keller Ave., #381
Oakland, CA 94605              Email: fletcher@fletcherbrownlaw.com

      I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on June 9, 2023, at Los Angeles, California.

                                */s/ Paulin Kim*
                                Paulin Kim

CERTIFICATE OF SERVICE

95763018v.1